### Harrison Wire Co. v. E. S. Wheeler & Co. and another.

*(Circuit Court, D. Connecticut. March 7, 1882.)*

1. JURISDICTION OF CIRCUIT COURT.

    The circuit court has no authority to control the proceedings of a state court, or to stay the prosecution of a suit therein, by injunction or otherwise; this power can only be allowed to a tribunal of general jurisdiction under the same government.

2. CONCURRENT JURISDICTION.

    It is not improper for different courts to take jurisdiction of different actions respecting or growing out of the same subject-matter, although the effect of the judgment or decree of one court may be to modify or control the result of the suit in another court, and to limit or guide its decision.

3. SAME—ACTION IN STATE COURT—ENFORCING PAYMENT OF NOTE—ACTION TO CANCEL NOTES.

    Where a bank discounted three notes which afterwards became, as between the maker and payees, accommodation paper, and without consideration, of which fact the bank was notified, and, the notes not being paid at maturity, suit was brought in a state court to enforce their payment by the maker, *held*, that such suit could not be controlled or restrained by the circuit court, in an action subsequently brought by the maker against the payees and the bank, for cancellation and delivery up of the notes, and to enforce their payment to the bank by the payees, out of securities deposited by them with the bank.

In Equity. On demurrer.

*William L. Bennett* and *Henry Stoddard*, for plaintiff.

*John S. Beach*, for defendants.

SHIPMAN, D. J. This is a demurrer to a bill in equity. The bill alleges that the plaintiff is the maker of three negotiable promissory notes, payable to the order of and delivered to E. S. Wheeler & Co., who procured the notes to be discounted before maturity by the American National Bank, a *bona fide* purchaser.

Divers facts are alleged in the bill, from which it appears that the notes, after they were delivered and a few days after they were discounted, became, as between the maker and the payees, accommodation paper and without consideration. The notes were not paid at maturity. The plaintiff informed the bank of the facts, offered to give it a bond of indemnity against loss and expenses, and requested it to sue E. S. Wheeler & Co., but they, having given the bank the certified checks of a third person to an amount larger than the notes, as collateral security, were permitted by the bank to bring a suit in its name against the plaintiff before a state court in St. Louis. The bank obtained judgment against the plaintiff, from which he appealed to the St. Louis court of appeals, where the cause is still pending.

The bill prays that the bank be decreed to deliver up, and that E. S. Wheeler & Co. procure to be delivered, to the plaintiff the three notes for cancellation, and that E. S. Wheeler & Co. satisfy the claims and demands of the bank upon said notes, and that the certified checks which were deposited by E. S. Wheeler & Co. with the bank may be applied in payment of the notes, and that an account may be taken of what the plaintiffs have paid in defending the action at law, and that E. S. Wheeler & Co. be directed to pay the amount to the plaintiffs, and that both defendants may be restrained from commencing any other proceedings against the plaintiff for the collection of the notes. The defendants demurr to the bill upon the ground that a circuit court of the United States has no jurisdiction of the cause, and, in support of the demurrer, they rely upon section 720 of the Revised Statutes, which provides as follows: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state except in causes where such injunction may be authorized by any law relating to proceedings in bankruptcy." The claim of the defendants is that the whole object of the bill is to prevent the further prosecution of the suit in the Missouri court against the plaintiff.

An injunction is not asked in terms against the prosecution of the suit, but it is true that the circuit court is not authorized so to control a suit in the state court by any proceedings as to tie the plaintiff's hands, and to compel that court to stay the prosecution of the suit. Thus, where an action was pending in a state court, the circuit court refused to compel the plaintiff and one of the defendants in the suit to interplead in the circuit court respecting the subject-matter in controversy, upon the ground that such decree "would be an exercise of that authority and control over the state court itself which can only be allowed to a tribunal of general jurisdiction under the same government." *City Bank* v. *Skelton*, 2 Blatchf. 142.

But it is not improper for different courts to take jurisdiction of different actions respecting or growing out of the same subject-matter, although the effect of the judgment or decree of one court may be to modify or control the result of the suit in another court, and to limit or guide its decision. Thus, (to use the illustration given for another purpose in *Bank* v. *Colbath*, 3 Wall. 334,) "a party having notes secured by a mortgage on real estate may, unless restrained by statute, sue in a court of chancery to foreclose his mortgage, and in a court of law to recover a judgment on his notes, and in another court of law in an action of ejectment to get possession of the land.

Here, in all the suits, the only question at issue may be the existence of the debt mentioned in the notes and mortgage; but, as the relief sought is different, and the mode of proceeding is different, the jurisdiction of neither court is affected by the proceeding in the other." The circuit court could properly take jurisdiction of the action upon the notes, while the state court had jurisdiction of the bill for foreclosure, or of the action of ejectment, although the effect of the judgment and execution in the circuit court might be to prevent the state court from rendering a judgment or decree in favor of the plaintiff. There would be no interference with the orderly prosecution of the suit in the state court, even if, in consequence of the action of the circuit court, the pre-existing relations of the parties to each other have been varied, and therefore the judgment which would otherwise have been rendered in the state court has become unnecessary.

If the note and mortgage have been made by a surety, and, as between him and his principal, the latter was primarily bound to pay the debt, and there were equities which should compel the creditor to accept payment, if reasonably made, from the principal, a bill in equity would also lie in favor of the surety against the principal to compel him to pay the debt, and to compel the creditor to receive the money, if paid before payment had been enforced from the surety's property. Neither would the existence of the previous suits in the state court prevent a circuit court from taking jurisdiction of the last-named suit, although, if the decree of the circuit court was carried into effect before judgment had been entered in the state court, the judgment or decree of the latter court might be very materially influenced by the result flowing from the decree of the circuit court.

In this case a *bona fide* indorsee and holder of a note has sued the maker in an action at law in a state court. The maker alleges that, by reason of certain facts, a court of equity can properly compel the indorser to pay the debt promptly, and the holder is made a party to the bill so that it may be compelled to accept payment when made. The object of the bill is to force E. S. Wheeler & Co. to pay the debt, and, if practicable, to pay before judgment is obtained from the plaintiff's property; but there can be no compulsory action by this court to prevent the bank from continuing to prosecute its suit in the state court, and to collect by execution. It can proceed as rapidly as the state court will permit, and can collect its debt. If a decree is rendered in favor of the plaintiff in this court, and payment of its debt is made by E. S. Wheeler & Co. before judgment is rendered in the state court, the action of the court will be modified,

and in a certain sense controlled, by the consequences of a decree of this court; but the mischief of a conflict of jurisdiction will not exist, and the comity and courtesy due to another court will not have been violated.

The prayers of the bill are twofold—to compel E. S. Wheeler & Co. to pay the debt, and to compel the bank to receive payment. The first class of prayers cannot be objected to, and the latter class is likewise unobjectionable, under the principles which have been suggested, if the prayers are properly framed. The first prayer is that the American National Bank be decreed to deliver up said three promissory notes for cancellation. Literally read, this prayer is objectionable, for it asks for cancellation without payment; which, under the allegations of the bill, the court would have no right to grant. The pleader intended to ask that the notes should be delivered to the plaintiff when paid by E. S. Wheeler & Co. This relief is not necessary; but it is proper, if the notes are paid by the indorsers, that they should not be outstanding as apparent debts against the plaintiff.

The prayer that the avails of the checks may be applied in payment of the notes is not objectionable, it being understood that the bank is at liberty to pursue all its remedies, and that no decree can be granted by this court restricting its right to prosecute the suit in the state court, and obtain and levy execution.

The demurrer is sustained, with leave to the plaintiff to amend as to the first prayer of the bill.